IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

THE ESTATE OF GUNTER S. ELKAN, )
                                                   )
          Plaintiff, )    Case No. 04-1344-KI
                                                 )
  vs. )    OPINION AND ORDER
                                                 )
HASBRO, INC., and its wholly-owned )
subsidiary MILTON BRADLEY )
COMPANY, )
                                                 )
          Defendants. )

Roy B. Thompson
Thompson Bogran, P. C.
15938 S. W. Quarry Rd, Suite B-6
Lake Oswego, Oregon 97035

       Attorney for Plaintiff

Suzanne C. Lacampagne
Kieran J. Curley
Miller Nash LLP
3400 U. S. Bancorp Tower
111 S. W. Fifth Avenue
Portland, Oregon 97204-3699

Jonathan E. Moskin
White & Case LLP
1155 Avenue of the Americas
New York, New York 10036

    Attorneys for Defendants

KING, Judge:

I previously granted summary judgment dismissing plaintiff's copyright infringement claim. Before the court is defendant's Motion for Attorney Fees (#106). For the reasons below, I deny the motion.

## DISCUSSION

Defendant seeks an award of $292,735.00.

Under the Copyright Act:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505.

"Prevailing plaintiffs and prevailing defendants are to be treated alike." Fogerty v. Fantasy, Inc., 510 U.S. 517, 534, 114 S. Ct. 1023 (1994). A list of nonexclusive factors for the court to consider include "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." Id. at 534 n.19 (quoting Lieb v. Topstone Industries, Inc., 788 F.2d 151, 156 (1986)).

The facts here on the invention of both games were coincidental enough to justify a belief that there was a colorable claim. I also note that plaintiff obtained two independent legal opinions, one prior to filing the case and one when responding to defendant's motion for summary judgment. Thus, I conclude that plaintiff's claim was neither frivolousness nor objectively unreasonable. "The primary objective of the Copyright Act is to encourage the production of original literary, artistic, and musical expression for the good of the public." Id. at 524. Under these circumstances, an award of attorney fees to defendant would not promote this objective.

## CONCLUSION

Defendant's Motion for Attorney Fees (#106) is denied. Plaintiff's Motion to Strike Defendant's Motion for Attorney Fees (#110) is granted to the extent that I previously ruled that I would not award attorney fees against plaintiff's counsel personally under 28 U.S.C. § 1927 for unreasonable and vexatious conduct. Plaintiff's Motion to Strike Defendant's Revised Memorandum and Revised Declaration re Motion for Attorney Fees (#125) is denied as moot.

IT IS SO ORDERED.

Dated this ____30th____ day of January, 2006.

                                                  ___/s/ Garr M. King_____
                                                  Garr M. King
                                                  United States District Judge